**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Tiffany Marie Alcorn and        :
Amy Darlene Alcorn,           :
                                     :
           Plaintiffs,           :
                                     :     CIVIL ACTION NO.
          v.                     :     1:09-cv-01314-JOF
                                     :
Bonnie Ann Appleton,          :
                                     :
           Defendant.        :

## OPINION & ORDER

This matter is before the court on Defendant's motion to dismiss [2] and Plaintiffs'

motion to remand to state court for lack of subject matter jurisdiction [6].

## I.       Factual and Procedural History

Plaintiffs Tiffany Marie Alcorn[1] and Amy Darlene Alcorn are the daughters of

Richard Lee Alcorn, who is now deceased.[2] Defendant Bonnie Appleton was married to the

Deceased at the time of his death, although they were legally separated by way of an Order

---

[1]Tiffany Alcorn is suing both in her individual capacity and as executrix of the estate
of Richard Lee Alcorn.

[2]The court takes the facts from Plaintiffs' complaint for the purposes of this motion
only.

of Separate Maintenance. Defendant and the Deceased entered into a settlement agreement as part of their separation. The Settlement Agreement, in pertinent part, reads as follows:

> Each party shall have the right to name any person or organization they so choose as beneficiary on their life insurance policy. Each party waives any interest they have in the other party's life insurance proceeds, cash value, or otherwise . . . . The parties agree to waive and release any rights or claims they may now have to any retirement pay, benefits or privileges earned by the other during or before the marriage.

(Settlement Agreement ¶¶ 11-12). There is one retirement account and one life insurance policy that is relevant to the present motion: a 401k retirement account and a $20,000 life insurance policy, both obtained by the Deceased from his former employer, Atlantic Southeast Airlines, Inc.

The 401k plan (the "Plan") did not designate a specific beneficiary. Because no specific beneficiary was designated, the Plan stated that the beneficiary was the Deceased's spouse, or if he died without a living spouse, his estate. Defendant was the Deceased's surviving spouse, and Defendant made a demand for the benefits on the Plan administrators. Plaintiffs allege that they notified the Plan administrators about the Settlement Agreement, and the Plan administrator requested a waiver from of Defendant before the benefits would be distributed to Plaintiffs. According to Plaintiffs, they requested that Defendant sign the

2

waiter, but she refused. Eventually, the proceeds were distributed to Defendant.[3] *See* Docket Entry [6], 2 n. 2.

Plaintiffs filed the present suit in the Superior Court of Cobb County on April 17, 2009. On behalf of the estate, Plaintiff Tiffany Alcorn alleges, in part, breach of the Settlement Agreement by Defendant based on the notion that Defendant waived her rights to pursue any retirement and life insurance benefits of the Deceased.[4] Plaintiff Tiffany Alcorn also requests specific performance of the Settlement Agreement, asking that Defendant deliver all proceeds she received under the aforementioned 401k account and life insurance policy to the estate. Plaintiff Tiffany Alcorn, in her capacity as executrix of the Deceased's estate, also asks that Defendant be found in "willful contempt" for her failure to abide by the separate maintenance order issued by the Superior Court of Cobb County. Complaint ¶ 48. In their individual capacities, both Tiffany Alcorn and Amy Alcorn claim they are entitled to damages for Defendant's "insistence upon receiving" the benefits under the 401k plan and the life insurance policy, "contrary to her contractual waiver of the benefits embodied in the Settlement Agreement." Complaint ¶ 61. Finally, all Plaintiffs claim unjust enrichment and request attorneys' fees, interest, and punitive damages.

---

[3] Plaintiffs allege other actions on the part of Defendant, which they contend violate the Separation Agreement. Those facts and allegations are irrelevant to the present motion for remand, and therefore will not be discussed by the court.

[4] Plaintiffs assert other state law claims that are irrelevant to the current motion to remand for lack of subject matter jurisdiction.

Defendant removed the suit to this court, relying on 28 U.S.C. § 1441. Defendant claims that the federal Employee Retirement Income Security Act (ERISA) is applicable and preempts all of Plaintiffs' claims. Defendant's notice of removal stated that, in compliance with Eleventh Circuit law, there exists a relevant ERISA plan, the 401k account, Plaintiffs have standing to sue under the Plan, Defendant is an ERISA entity, and the complaint seeks relief similar to that available under the section of ERISA allowing for civil enforcement.

## II.    Contentions

Plaintiffs assert two main arguments in requesting that this court remand for lack of subject matter jurisdiction. First, Plaintiffs claim that "ERISA does not preempt state-law claims . . . which seek to recover funds which have already been distributed from an ERISA plan." Docket Entry [6], 3. Because the funds were already distributed to a plan beneficiary, ERISA does not apply, and therefore, Plaintiffs claims are based solely on state law. Next, Plaintiffs assert that the well-pleaded complaint rule has not been met because Plaintiffs did not raise a federal question in their complaint, and the complete preemption exception to the well-pleaded complaint rule is not applicable.

Defendant responds by arguing that this court does in fact have subject matter jurisdiction over Plaintiffs' claims and remand is inappropriate. Defendant argues that ERISA has completely preempted Plaintiffs' state law claims, and therefore, Plaintiffs' state law claims must be recharacterized as claims arising under federal law. Defendant also

4

contends that ERISA preempts Plaintiffs' claims because the Settlement Agreement between Defendant and the Deceased is not a qualified domestic relations order (QDRO), and therefore, does not fall within the express statutory exception to ERISA's preemption of "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). Defendant also argues that this court must determine whether Defendant properly waived her claims in compliance with ERISA. Finally, Defendant contends that ERISA applies even though the benefits under the ERISA plan have already been distributed.

### III.  Discussion

On a motion to remand, the party that removed the action to federal court bears the burden of proving the existence of federal jurisdiction. See *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002). All doubts with respect to federal jurisdiction should be resolved against removal and in favor of remand to state court. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A defendant may remove a case to federal court only if federal court jurisdiction would have been proper had the case originally been filed there. *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 711 (11th Cir. 1997). Therefore, because the parties are not diverse, in order for Defendant's removal of this action to be proper, Plaintiffs' claims must "arise under" federal law. Generally, the determination of

whether a case arises under federal law is made by examining the face of the "well pleaded complaint." *Kemp*, 109 F.3d at 712.

In ERISA cases, where there is no other basis for subject matter jurisdiction, federal courts only have subject matter jurisdiction over state law claims that have been "superpreempted" or completely preempted, but not those that are "defensively preempted." *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). Defensive preemption "originates in ERISA's express preemption provision, 29 U.S.C. § 1144(a). Defensive preemption provides only an affirmative defense . . . [and] does not furnish federal subject-matter jurisdiction under 28 U.S.C. § 1331 . . . ." *Id*. Therefore, defensive preemption does not satisfy the well-pleaded complaint rule because a defense cannot be the basis for removal to a federal court.[5] *Caterpillar Inc. v. Williams*, 483 U.S. 386, 393 (1987).

Superpreemption, on the other hand, does provide a basis for the exercise of subject matter jurisdiction. *Butero*, 174 F.3d at 1212. If there is complete preemption, "courts are required to recharacterize the [state law] claim as one arising under federal law for purposes

---

[5]Defendant argues that waivers in domestic relations orders, like the Settlement Agreement at issue in this case, are preempted unless it falls within the exception for QRDOs set out in 29 U.S.C. § 1144(b)(7). Because the Settlement Agreement is not a QRDO, Defendant argues that the state law claims are preempted, and therefore, this court has subject matter jurisdiction. However, defensive preemption based upon § 1144 does not confer jurisdiction, and therefore, this argument must fail. As such, the court will only address superpreemption as a possible method for obtaining subject matter jurisdiction.

6

of determining removal jurisdiction." *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1353 (11th Cir. 1998). Superpreemption under ERISA exists when four factors are present:

> First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan. Third, the defendant must be an ERISA entity. Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan.

*Butero*, 174 F.3d at 1212 (internal citations omitted). The parties do not dispute that the 401k plan that Defendant received benefits from is an ERISA plan. Therefore, element one of the ERISA superpreemption analysis is fulfilled.

Under the second factor of the ERISA superpreemption inquiry, the court must determine whether Plaintiffs have standing to sue under the Plan. *Butero*, 174 F.3d at 1212. Plaintiffs argue that they have no standing because they are neither plan participants nor plan beneficiaries. The Plan states that if the Deceased did not designate a beneficiary, the beneficiary is "the Participant's spouse; or . . . if no spouse is alive, the Participant's estate." Plaintiffs argue that Defendant was the rightful beneficiary because the Deceased's 401k did not name a beneficiary, and therefore the benefits were to go to the Deceased's surviving spouse, Defendant. Defendant, on the other hand, argues that all Plaintiffs have standing to sue under the Plan. First, Defendants contend that Tiffany Alcorn, in her capacity as executrix of the Deceased's estate, stands in the shoes of the Deceased. The Deceased was undeniably a plan participant, and therefore, so is his estate. Defendant further argues that

if her waiver is in fact valid, the estate would have been the beneficiary under the Plan. Additionally, Defendant notes that Tiffany and Amy Alcorn, in their complaint, hold themselves out as "intended beneficiaries" of the Plan benefits because those benefits should have been given to the estate by Defendant and distributed to them in conformity with the Deceased's will. Therefore, according to Defendant, Plaintiffs do in fact have standing to sue.

A civil suit may be brought by a "**participant or beneficiary** . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a) (emphasis added). A participant is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Plaintiffs are not participants in the Plan. Plaintiff Tiffany Alcorn cannot have standing based solely upon her status as the executrix of her father's estate. *McKinnon v. Blue Cross and Blue Shield of Alabama*, 935 F.2d 1187, 1191-92 (11th Cir. 1991). Neither Plaintiff Tiffany Alcorn in her individual capacity nor Plaintiff Amy Alcorn fit the definition

8

of a participant either, as they were never employees of Atlantic Southeast Airlines, Inc. Furthermore, Plaintiffs are not beneficiaries of the Plan. The Deceased did not designate a beneficiary under the Plan. As such, the Plan clearly designates the Defendant as the beneficiary. The only way Plaintiffs could have become beneficiaries under the Plan is if Defendant was not alive at the time the Deceased passed away. This is clearly not the case. Because the statutory definition of beneficiary requires that the person be "designated **by a participant,** or **by the terms of the employee benefit plan**," Plaintiffs cannot be considered beneficiaries. 29 U.S.C. § 1002(8) (emphasis added). The Settlement Agreement between Defendant and the Deceased does not alter the plain language of the statute or the Plan.

Because the requirements of the superpreemption test are not fulfilled, the Plaintiffs' state law claims cannot be recharacterized as federal claims. Therefore, this court does not have subject matter jurisdiction over the Plaintiffs' claims.

**IV.    Conclusion**

The court GRANTS Plaintiffs' motion to remand [6]. As the court has no subject matter jurisdiction it will not address Defendant's motion to dismiss [2]. The Clerk of the Court is DIRECTED to REMAND this suit to the Superior Court of Cobb County.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 15th day of September 2009.


                                    /s J. Owen Forrester
                                    J. OWEN FORRESTER
                    SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)